CONLEY *v.* BRUMMIT ET AL

[No. 14,161.   Filed July 1, 1931.]

*John F. Linder* and *Harry F. Pavey*, for appellant.
*Johnson & Zechiel*, for appellees.

LOCKYEAR, J.—This was an action brought by appellant against the appellees on a contract for commission for services in selling real estate, under the following contract to wit:

"Indianapolis, Indiana, March 14, 1928.

"For and in consideration of the sum of one and no/100 Dollars, the receipt of which is hereby acknowledged, I hereby grant and give to Morris E. Conly of the City of Indianapolis, Indiana, and his assigns, the sole and exclusive right and option for the period of thirty days from this date, to sell for us the following described real estate in Marion County, Indiana, to wit: Lot No. 7 in J. S. Mustard's Broad Ripple Add. at and upon the following terms and conditions, to wit: Thirty-six hundred and seventy-five dollars ($3,675) cash. One hundred and seventy-five dollars ($175) of said consideration to be deducted and paid to Morris E. Conly [and] any purchaser under this option is hereby authorized and directed to deduct one hundred and seventy-five dollars from the amount due us and pay to Morris E. Conly for his services.

"In the event that this option is exercised within said time, I obligate myself to furnish a full and complete abstract of title to said real estate, exhibiting in me a good and indefeasible estate in fee simple, free and clear of encumbrance except taxes for the year 1928 payable

in 1929 and to execute and deliver a general warranty deed in fee simple for said premises, contemporaneous with the payment of said purchase price, subject to the following encumbrances: Barrett Law assessment for sewer in alley. This option to be effective must be exercised in writing endorsed thereon, and by a written notice addressed and mailed to me at the following address, c/o L. W. Brummit, Mail Press, and in the event the same is so exercised, I agree to furnish said abstract and to tender said deed within —— days from the date said option is exercised.

"Broad Ripple Christian Church
"George W. Hawkins, Trustee
"Arthur B. Cravens, Trustee
"L. W. Brummit, Trustee."

Appellant alleges in his complaint that he did, on a later date, and within the time fixed by the contract, find a purchaser who was ready, willing and able to purchase said property on the terms and conditions aforesaid, and he notified the appellees thereof. That the appellees thereafter sold said property to the parties that the appellant introduced to them, but they failed and refused to carry out the contract and failed and refused to pay appellant the sum of $175 which they agreed to pay, for which amount he prays judgment.

The appellees filed an answer in general denial to the complaint. There was a trial and finding for appellees. The error assigned is the overruling of appellant's motion for a new trial, which was on the grounds that the decision of the court is not sustained by sufficient evidence and is contrary to law.

Appellant introduced in evidence a written proposition from the Board of School Commissioners of Indianapolis as follows: "Mr. Morris E. Conly, Agent. The Board of School Commissioners of the City of Indianapolis, Indiana, hereby agrees to purchase from the owner, or

through you his agent, the property known as Lot Number Seven (7) in J. S. Mustard's Broad Ripple Add. in Marion County, in the State of Indiana, now located in the City of Indianapolis, Marion County, Indiana. The purchase price of said property to be the sum of Thirty-nine Hundred ($3,900) Dollars, upon the following terms, viz.: All Cash. Cash to be paid upon the delivery of a good and sufficient warranty deed, as and when bonds be sold by said board with the approval of the Board of Tax Commissioners of the State of Indiana, to purchase said before-described real estate. The matter of the issuance of said bonds is now pending before said State Board of Tax Commissioners, and said real estate [is] to be paid for out of the proceeds of the sale of said issue of bonds when authorized by said state Board of Tax Commissioners. Complete possession to be given upon the delivery of the deed, said real estate to be conveyed to said Board of School Commissioners free and clear of all liens including taxes. Said Board of School Commissioners, after the approval of said issue of bonds, to be furnished, free of charge, as soon as the same can be prepared, a complete abstract, certified to date, showing a merchantable title to above described real estate or a policy of title insurance guaranteeing the title to above real estate for the full amount of the purchase price.

"This proposition to be binding on said board must be accepted on or before 12 o'clock noon of the —— day of —— 1928.

"Board of School Commissioners,

"by Albert F. Walsman, Business Director."

Appellant testified that the appellees, through Mr. Hawkins, chairman of the board of trustees of appellee, stated that this was not a proper acceptance of the contract and that they refused to accept anything except

the payments of the money before the expiration date of the contract.

Appellant also testified that, after he had procured the option from the trustees of the Broad Ripple Christian Church, he went to the business director of the Indianapolis School Board and obtained from him Exhibit No. 2; that it was procured on April 10, 1928, and that he went to the trustees of the church on April 12, 1928; that he never asked for an extension of the option; that he showed them the proposition obtained from the school board, and that they examined it for the authenticity of the signature of Mr. Walsman; that the proposition complied with the contract, and that they denied that it did; that he knew it depended upon whether or not the State Board of Tax Commissioners would approve the issuance of the bonds; that he attempted to give them notice that he would not exercise the option to purchase the property himself, and that the board of trustees refused to accept the exercise of the option; that he handed them exhibit No. 2; that he never asked them for an extension of the option, but that he asked them to accept the contract signed by Albert Walsman, and, if they did not accept it, he was willing to exercise the option himself.

Leslie W. Brummit, one of the trustees of the church, testified that they entered into an agreement on March 14, 1928 with respect to the sale of the property; that the board of trustees, on March 14, 1928, gave Mr. Conly an option on the church property, plaintiff's exhibit No. 1 was the option; that, on or about April 13, 1928, the board met, with Mr. Conley present, and Mr. Conley told the board that this option was to expire at noon on the next day, and, if the board of trustees expected to realize a sale on this property, it would be necessary to renew the option; that the board of trustees told Mr. Conley that, in order to exercise the option, it would be necessary to pay some cash, either all or a sub-

stantial payment, in which case the board would consider exercising the option; that Mr. Conley did not pay any money; that the board did not sign an extension agreement; that Mr. Conley showed them an estimate which he claimed to be a proposition from the school board to buy the property; this was exhibit No. 2; that Mr. Conley claimed this was a sale of the property and that Mr. Brummit claimed it was not; that Mr. Conley insisted upon having an extension of the option, which he refused to do; that he was not given an extension of time; that afterward the property was condemned through the circuit court and $7,000 damages awarded.

Mr. Brummit testified on cross-examination that he never had a conversation with Mr. Walsman, the business director of the school commissioners; that he never recalled of having any conversation with Mr. Conley concerning the sale of the property after April 13, 1928.

Before appellant would be entitled to recover in this action, he must show that he procured a purchaser within 30 days, who, within said time, was ready and willing to pay unconditionally the amount of the purchase price of said real estate. This he failed to do.

The purported acceptance of said offer by the board of school commissioners was not an acceptance of the offer of appellee, but a counter offer of the board of school commissioners, which was upon condition that the State Board of Tax Commissioners would approve the issuance of the bonds. The case of *Barney* v. *Yazoo, etc., Land Co.* (1913), 179 Ind. 337, 101 N. E. 96, instead of being an authority in point in favor of appellant, supports the contention of appellees and holds: "Where a broker is employed to find a purchaser at a stated price and upon given terms, and has expended his time and performed labor in getting the

626

parties interested, he will be allowed a reasonable length of time in which to complete his labors, unless a definite time has been agreed on, within which he is to produce a purchaser, in which event the time stipulated is of the essence of the contract and the broker must perform before the expiration of the time in order to entitle him to the commission."

When the 30 days had expired, we hold that the contract was at an end, there had been no acceptance of the offer made by appellees. The counter offer of appellant was not accepted. There was no meeting of minds on either proposition. The appellees were free to negotiate with the board of school commissioners if they saw fit, but the property was not procured by the school commissioners by bargain and sale, but through a condemnation proceeding instituted by said board of school commissioners—free from any connivance or collusion on the part of appellee. The fact that the board of school commissioners afterwards procured the property through condemnation proceedings gives the appellant no rights under his contract, unless some collusion or fraud was practiced on appellant, which is neither alleged nor proved.

Judgment affirmed.